# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>2473 Brady Commons Drive<br>Columbus, Ohio 43229 | )<br>)<br>)  Case No.  **2:19 mj 349**<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
2473 Brady Commons Drive Columbus, Ohio 43229, being a two story, condo/apartment with white siding, two windows on the front of the apartment, a blue door with the numerals '2473' affixed above the blue door, and all persons, garages, outbuildings, and vehicles within the curtilage thereof, located at 2473 Brady Commons Drive Columbus, Ohio 43229.

located in the _____ Southern _____ District of _____ Ohio _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A to the Affidavit in support of this Application/Warrant, incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine. |

The application is based on these facts:
See attached Affidavit in support of this Application/Warrant, which is incorporated in full herein.

☒ Continued on the attached sheet.
☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Peter Kane, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4-30-19

_____
*Judge's signature*

City and state: Columbus, Ohio    Chelsey Vascura U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANTS**

I, Peter T. Kane, (hereafter referred to as affiant) being duly sworn depose and state:

## **INTRODUCTION**

Your affiant is an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C. § 2516. Your affiant has been employed by the DEA since May of 2017. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878. During this time, your affiant has accumulated the following training and experience:

(a) I am a Special Agent of the Drug Enforcement Administration (DEA), assigned to the Detroit Field Division, Columbus District Office. I graduated from the DEA Academy located in Quantico, Virginia. I have received approximately 20 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, money laundering investigations and various forensic subjects including latent fingerprint collection and analysis.

(b) During the course of my law enforcement career, I have had experience in debriefing defendants; interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution and concealment of records and proceeds of trafficking in controlled substances.

(c) As a DEA agent, I have participated in the execution of numerous search warrants at residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous search warrants and investigations for drug related offenses.

(d) As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, fentanyl and its analogues, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. I know that these are controlled substances under 21 U.S.C. § 801.

The facts and information contained herein are based on my personal knowledge and experience, that of other law enforcement personnel, surveillance operations, and from persons with knowledge regarding relevant facts and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this investigation.

## **PROBABLE CAUSE**

1. On or about April 26, 2019, The DEA CDO received information that a Cooperating Defendant was pulled over on US-35 Eastbound, at Mile marker 10, for going 70 miles per hour in a 60 miles per hour zone, by the Ohio State Highway patrol (OSP). According to OSP Troopers, the Cooperating Defendant seemed visibly nervous, breathing heavy, and articulated an inconsistent story to an OSP Trooper, A K-9 arrived on scene. The K-9 had a positive reaction to the odor of narcotics, and a probable cause search on the vehicle operated by the Cooperating Defendant was conducted. Troopers located in the trunk of the vehicle, in a suitcase, approximately 4 pounds of Crystal Methamphetamine, 57 gross grams (gg) of Oxycodone 30mg pills, and 110 gg of marijuana.

2. In a post narcotics seizure interview, the Cooperating Defendant stated to investigators that the narcotics he/she was transporting to West Virginia were from the residence of 5488 Aspen Road, Columbus, Ohio (OH). The Cooperating Defendant stated that "Gordo". "Gordo" was positively identified as Hector PALMA, of 5488 Aspen Road. The Cooperating Defendant stated that PALMA was the individual who supplied the Cooperating Defendant with crystal meth, marijuana, and oxycodone. The Cooperating Defendant said he/she obtained the drugs from PALMA at both 5488 Aspen Road and 2473 Brady Commons Drive, Columbus, Ohio, a residence that the Cooperating Defendant described as a stash house. The Cooperating Defendant also stated that he/she has seen PALMA with a firearm in the past.

3. On April 26, 2017, the Cooperating Defendant visually identified the address of 5488 Aspen Road, Columbus, Ohio as the residence of Hector PALMA, and the address of 2473 Brady Commons Drive, Columbus OH as a stash house for this Drug Trafficking Organization (DTO). Based on my training and experience, it is common for drug traffickers to utilize a stash house to aid in concealing the drug trafficking operations from law enforcement.

4. The Cooperating Defendant stated that PALMA has been providing multi-kilogram quantities of narcotics to the Cooperating Defendant for approximately five years, which accounts for an estimated five million dollars in narcotics transactions between the pair throughout the past five years. The Cooperating Defendant stated that PALMA charges him $32,000 per kilogram of cocaine, $3,200 per pound of crystal methamphetamine, and $18 per oxycodone (30mg) pill.

5. At the DEA office, the Cooperating Defendant made a controlled call to PALMA. In the call, PALMA stated to the Cooperating Defendant that PALMA has to pay his "people" on the Saturday (4/27) or Sunday (4/28). The Cooperating Defendant agreed to pay the money and inquired of PALMA if there would be more drugs available to acquire. PALMA told the Cooperating Defendant that there were 5 "tournaments" available, which the Cooperating Defendant stated was code for Kilograms of cocaine.

6. On April 30, 2019, Investigators conducted surveillance on the Cooperating Defendant, while he/she partially paid PALMA approximately $10,000 for crystal methamphetamine, which PALMA previously "fronted" to the Cooperating Defendant. Investigators observed the Cooperating Defendant enter the residence of 5488 Aspen Road at approximately 1:46 p.m., and exit 5488 Aspen Road at approximately 2:12 p.m. without the drug proceeds. The Cooperating Defendant was searched before and after the transaction by investigators with negative results. The Cooperating Defendant told investigators he gave all of the money to PALMA, which was corroborated by investigators who monitored an electronic monitoring transmitter.

7. In a debrief with the Cooperating Defendant at the conclusion of the $10,000 payment, the Cooperating Defendant stated that PALMA took him/her to the basement of 5488 Aspen and counted the drug proceed money with his nephew, who was identified as Luis Alexis BERNAL-BARILLAS, which the Cooperating Defendant said had happened multiple times in previous transactions.

8. After counting the drug proceeds, PALMA wrote down the debt pay off of drug proceeds in a ledger, which PALMA maintains in a locked desk in the basement of 5488 Aspen Road. The Cooperating Defendant stated that PALMA keeps the office locked.

9. During the meeting in the basement, PALMA indicated to the Cooperating Defendant that there was more narcotics available upon further payment by the Cooperating Defendant. The Cooperating Defendant then inquired about purchasing marijuana from PALMA, and PALMA stated that he would bring marijuana to the Coopering Defendants house in a few hours.

10. After the exchange, investigators observed PALMA enter a green Nissan Quest minivan bearing OH license plate HQJ 5119, and BERNAL-BARILLAS enter a white Ford Expedition bearing OH license plate FWX 3640, which are both registered to 5488 Aspen Road. Investigators then observed PALMA use a key to get in to 2473 Brady Commons Drive. After keying into the 2473 Brady Commons Drive, investigators observed both PALMA and BERNAL-BARILLAS enter the white Ford Expedition bearing OH license plate HQJ 5119.

11. Your Affiant believes, based on the facts contained in this affidavit and training and experience, that there is probable cause to believe that Hector PALMA and as Luis Alexis BERNAL-BARILLAS have violated 21 U.S.C. 846, to wit, conspiracy to possess with intent to distribute a controlled substance, and that PALMA and as Luis BERNAL-BARILLAS maintains ledgers, records, financial documents, U.S. Currency, address books and other items detailed in attachment A that are consistent

with the operation of a large scale Drug Trafficking Organization, in violation of Title 21 USC 846, at the following locations:

**2473 Brady Commons Drive, Columbus, Ohio**

**5488 Aspen Road, Columbus, Ohio**

_____
Peter Kane
Special Agent
Drug Enforcement Administration

Subscribed and Sworn before me
This 30th day of April, 2019, in Columbus, Ohio

_____
Honorable Chelsey Vascura
U.S. Magistrate Judge
Southern District of Ohio

# ATTACHMENT A

# LIST OF ITEMS TO BE SEIZED

1. Log Books, records, payment receipts, notes, and/or customer or confidential informant lists, ledgers, and other papers relating to the transportation, ordering, purchasing, processing, storage, and distribution of controlled substances; all records of income and expenses.
2. Papers, tickets, notices, credit card receipts travel schedules, travel receipts, passports, and/or records and other items relating to travel to obtain and distribute narcotics and narcotic proceeds.
3. Books, records, invoices, receipts, records of real estate transactions, financial statements, bank statements, credit card information, cancelled checks, deposit tickets, passbooks, money drafts, withdrawal slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, locker, safe deposit box or lock box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money.
4. Electronic equipment such as currency counting machines, DVDs and CDs, still photograph cameras such as digital cameras, video cameras, jump drives, hard drives, computers and any stored electronic communications contained therein; which serve to identify other proceeds, assets, and co-conspirators.
5. Cellular telephones(s) and any stored electronic communication stored therein.
6. United States currency, precious metals, jewelry, gold coins, and financial instruments including, but not limited to stocks and bonds, and any drug related or other illicitly acquired monies.
7. Photographs, negatives, videotapes, slides, films, undeveloped film and the contents therein, in particular, photographs of co-conspirators, confidential informants, assets, and/or narcotics.
8. Address and/or telephone books, and any papers reflecting names, addresses, telephone numbers and/or fax numbers of co-conspirators, confidential informants, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists.
9. Indicia of occupancy, residency, rental and/or ownership of the premises described in above or vehicles located thereon, including but not limited to utility and telephone bills, cancelled envelopes, keys, deeds, purchase and/or lease agreements, land contracts, titles, and vehicle registrations.
10. To listen, read, review, develop, print, and convert seized electronic media into human readable and viewable form and to make copies or recordings of the data in order to protect and preserve the information.

11. The opening and search and removal, if necessary, of any safe or locked receptacle or compartment, as all or some of the property heretofore may be maintained inside.
12. Firearms and ammunition, including but not limited to handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons, and any records or receipts pertaining to firearms and ammunition.
13. Any other items which constitute evidence of the crimes of 21 U.S.C. § 841, Possession with the Intent to Distribute and Distribution of Controlled Substance; 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute and Distribute a Controlled Substance.